SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
HOSIE RICE LLP
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

ROBERT J. YORIO (CA Bar No. 93178)
yorio@carrferrell.com
CARR & FERRELL LLP
2200 Geng Road
Palo Alto, CA 94303
(650) 812-3400 Tel.
(650) 812-3444 Fax

*Attorneys for Plaintiff*
*CLOAKWORKS, INC.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| CLOAKWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLOAKWARE, INC., <br><br> Defendant. | Case No. C-08-2044 PJH <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

Plaintiff Cloakworks, Inc. ("Cloakworks") and defendant Cloakware, Inc. ("Cloakware") hereby respectfully submit this Joint Case Management Statement in connection with the Case Management Conference in this matter scheduled for September 4, 2008.

**1.     JURISDICTION AND SERVICE**

The parties agree that the Court has subject matter jurisdiction over this action. There are no issues regarding service, personal jurisdiction or venue.

**2.     STATEMENT OF FACTS**

   **A.     A BRIEF DESCRIPTION OF THE FACTS**

This is a patent infringement case. Plaintiff Cloakworks, in its complaint, alleges infringement of United States Patent Number 6,192,475 (the "'475 Patent"). Cloakware has filed an answer denying Cloakworks' allegations and counterclaims for declaratory judgment of non-infringement and invalidity.

Cloakworks in its complaint alleges that the '475 patent discloses a novel method, system and apparatus for rewriting software into a protected form, so that this "cloaked" software is protected from analysis, reverse engineering and tampering. The complaint further alleges that Cloakware has infringed and is presently infringing the patent-in-suit by making and selling products that practice the patented method in order to protect software from analysis, reverse engineering and tampering. The complaint alleges both that Cloakware directly infringes and that it has induced others to make, use or sell the system and has infringed contributorily.

Cloakware generally denies the allegations, and alleges in its answer and counterclaim that the patent-in-suit is invalid pursuant to 35 U.S.C. §§ 102, 103, 112, and/or 116, and not infringed by Cloakware either directly or indirectly. Cloakware has asserted additional affirmative defenses pursuant to 35 U.S.C. §§ 286-288, as well as prosecution history estoppel, and equitable defenses based on Cloakworks' alleged unreasonable delay in bringing suit. Cloakware also asserts that Cloakworks is not entitled to injunctive relief because any alleged injury is not immediate or irreparable and Cloakworks has an adequate remedy at law.

**B.     THE PRINCIPAL FACTUAL ISSUES WHICH THE PARTIES DISPUTE**

a.     Whether the defendant has infringed, and continues to infringe, the patent-in-suit, directly or by inducement;

b.     Whether any such alleged infringement is willful;

c.     Whether the patent-in-suit is invalid;

d.     Whether the patent-in-suit is enforceable against Cloakware;

e.     Whether the facts support any or all of Cloakware's additional affirmative defenses; and

f.     The amount of Cloakworks' damages for any infringement of any valid and enforceable claim

**3.     LEGAL ISSUES**

The disputed points of law are anticipated to be:

a.     The proper construction of the asserted claims of the patent-in-suit;

b.     Whether there has been any infringement of the asserted claims of the patent-in-suit as construed by the Court;

c.     Whether the asserted claims are invalid and unenforceable;

d.     Whether Cloakware is entitled to prevail on any or all of its additional affirmative defenses;

e.     Whether any party is entitled to attorneys' fees and costs pursuant to 35 U.S.C. §285;

f.     Whether Cloakworks' claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and/or 287, and whether Cloakworks is barred by 35 U.S.C. § 288 from recovering costs associated with this action;

g.     Whether Cloakworks is entitled to treble damages pursuant to 35 U.S.C. § 284; and

h.     Whether Cloakworks is entitled to a permanent injunction pursuant to 35

U.S.C. § 283.

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action.

**4.   MOTIONS**

The parties anticipate claim construction briefing under the Patent Local Rules and may file one or more dispositive motions.  Plaintiff anticipates moving to add to the Complaint probably two of Cloakware's customers, as alleged direct infringers.

**5.   EVIDENCE PRESERVATION**

Both parties have imposed a litigation hold on documents related to this action, and are in the process of collecting documents for review and production.

**6.   DISCLOSURES**

The parties will exchange their initial disclosures before close of business on August 28, 2008.

**7.   DISCOVERY:**

At this time, the parties propose altering the discovery limits imposed by the Federal Rules of Civil Procedure and the Local Rules as follows:

(a)

**PLAINTIFF'S PROPOSAL**:  The parties should follow the provisions of the Federal Rule of Civil Procedure and the Local Rules, regarding the number and duration of depositions.  Plaintiff objects to defendant's proposal to modify the ordinary time limits and, especially, objects to defendant's proposal that the normal time limit of seven hours for deposition be modified only for David Wallace, who is the principal of plaintiff Cloakworks.  It is premature at this stage of the case to reduce the total amount of time available for depositions and to prescribe specific limits for specific deponents.  This is particularly inappropriate, and objectionable, where defendant singles out Mr. Wallace, and seeks to depose him for 21 hours, which is three times the normal limit.  The better procedure is:  (a)

JOINT CASE MANAGEMENT                      4                       CASE NO. C 08-2044 PJH
STATEMENT

when the time comes for the depositions of Mr. Wallace and others, the parties should meet and discuss the appropriate time for deposition, based on the subjects to be covered, relevant documents for that deponent, etc., and (b) if the parties are not able to agree, then and only then should the parties come to the court, present the specific facts for the deponent, and seek or oppose modification of the ordinary time limit.

**DEFENDANT'S PROPOSAL:** The parties may notice and take no more than a total of fifty hours of depositions, excluding experts. Each expert may be deposed for no more than seven hours. Cloakware may depose David Wallace, the founder of Plaintiff Cloakworks and sole named inventor on the patent-in-suit, for no more than twenty-one hours. Any party may make application to the Court for additional deposition time, which shall be granted upon a showing of good cause. The parties may also modify these time restrictions by agreement.

(b) Plaintiff Cloakworks may propound no more than twenty-five (25) interrogatories;

(c) Defendant Cloakware may propound no more than twenty-five (25) interrogatories;

(d) Plaintiff Cloakworks may propound no more than twenty-five (25) requests for admission directed to matters other than the authenticity of documents. Requests for admission of the authenticity of documents shall be unlimited;

(e) Defendant Cloakware may propound no more than twenty-five (25) requests for admission directed to matters other than the authenticity of documents. Requests for admission of the authenticity of documents shall be unlimited;

(f) No notes, drafts, or other types of preliminary written work by or for experts concerning the subject matter of this civil action shall be the subject of discovery or inquiry at trial;

(g) No communications, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this civil action shall be the subject of discovery or inquiry at trial;

(h) Paragraphs 7(f) and (g) shall not apply to any communications or documents that the expert relied upon in forming his or her opinion as expressed in an affidavit, report, or testimony in connection with this civil action, or on which the expert intends to rely as a basis for an opinion expressed in an affidavit, report, or testimony in connection with this civil action.  Such communications or documents shall be subject to discovery and (to the extent otherwise admissible) to inquiry at trial; and

(i) Materials, communications, and other information exempt from discovery under paragraphs (e) - (g) shall be treated as attorney-work product for the purposes of this litigation.

The Proposed Docket Control Deadlines, below, in Section 19(D) contains a proposed schedule for discovery.

**8.    CLASS ACTIONS**

Not applicable.

**9.    RELATED CASES**

No related cases are pending before other Judges of this Court.

**10.    RELIEF**

*Plaintiffs' Request*:  Cloakworks seeks damages, injunctive relief, a declaration that the patent-in-suit is enforceable and that Cloakware has willfully infringed, enhanced damages under 35 U.S.C. § 284, and costs and attorney's fees including those awardable under 35 U.S.C. § 285.  Cloakworks expects that its damage computations will be based upon an adequate compensation for the infringement of the '475 Patent, including damages and a reasonable royalty on the manufacturing, distribution, and sales of infringing products

(hardware and software) including the Cloakware Transcoder, Security Suite, Robustness Solutions and Server Password Manager, as well as infringing uses of those products and services, including the cloaking of software and sale and use of cloaked software and *e.g.* the distribution of video and audio protected by cloaked DRM software, enhanced damages for willful infringement, and attorneys' fees and costs associated with conducting this suit. Cloakworks expects that the reasonable royalty will also include a royalty on the convoyed sales generated by the infringing products and services.

*Defendant's Request*:  Defendant denies that Cloakworks is entitled to any of its requested relief and seeks dismissal of the complaint in its entirety, with prejudice, the entry of judgment in favor of Cloakware and against Cloakworks, declarations that the '475 patent has not been infringed by Cloakware and that it is invalid and unenforceable, and costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285.

**11.     SETTLEMENT AND ADR**

The parties have filed a Stipulation and Proposed Order Selecting an ADR Process in which they agreed to participate in private mediation before a mediator to be selected by the parties.  The parties participated in that mediation yesterday.  No settlement was reached.

**12.     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties declined the appointment of a Magistrate Judge for all purposes.

**13.     OTHER REFERENCES**

Not applicable.

**14.     NARROWING OF ISSUES**

The parties believe that it is premature to narrow the issues for trial other than to make the identifications required by the Patent Local Rules.  The parties believe that they may be able to narrow the issues for trial after the Court issues its claim construction rulings.

**15.  EXPEDITED SCHEDULE**

The parties do not presently believe that this is the type of case that can be handled on an expedited schedule.

**16.  SCHEDULING**

The Proposed Docket Control Deadlines, Section 19(D) below, proposes a schedule through a case management conference after claims construction.

**17.  TRIAL**

The trial will be a jury trial, and the parties preliminarily anticipate that the trial will be 5-10 court days.

**18.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Cloakworks filed its Certification of Interested Entities or Persons on April 18, 2008.

Cloakware filed its Certification of Interested Entities or Persons on June 11, 2008.

**19.  OTHER MATTERS**

**A.  PROTECTIVE ORDER**

The parties are discussing a stipulated protective order.

**B.  CLAIM CONSTRUCTION HEARING**

The Patent Local Rules require the parties to meet and confer about the manner in which the claim construction hearing will proceed. The parties have discussed the matters specified in the Patent Local Rules and believe that a determination of the manner in which the hearing will proceed, other than the proposed scheduling as set forth below, is premature.

**C.  JURY DEMAND**

Cloakworks and Cloakware both demand a trial by jury.

**D.  PROPOSED DOCKET CONTROL DEADLINES**

The parties have agreed to follow the Northern District's Patent Local Rules.

The parties have not reached agreement on the discovery and pretrial schedule, as described below:

Plaintiff's Proposal

Plaintiff proposes that, at this time, the Court set dates through the Markman hearing, but not beyond. In the alternative, if the Court prefers at this time to set such further dates, plaintiff proposes that the Court set the dates set forth below in the following chart as "Plaintiff's Proposal."

Defendant's Proposal

Defendant proposes that the Court set the dates set forth below as "Defendant's Proposal," including dates to occur after the Markman hearing.

| PARTY | DEADLINE DESCRIPTION | DATE—PLAINTIFF'S PROPOSAL | DATE—DEFENDANT'S PROPOSAL |
|---|---|---|---|
| All | Joint Case Management Statement and Proposed Order | August 28, 2008 | Same |
| All | FRCP 26, Initial Disclosures | August 28, 2008 | Same |
| All | Initial Case Management Conference | September 4, 2008 | Same |
| Cloakworks | Disclosure of Asserted Claims and Infringement Contentions pursuant to Patent L.R. 3-1 | September 18 2008 | Same |
| Cloakworks | Document Production Accompanying Disclosure of Asserted Claims and Infringement Contentions pursuant to Patent L.R. 3-2 | September 18, 2008 | Same |
| Cloakware | Invalidity Contentions pursuant to Patent L.R. 3-3 | November 3, 2008 | Same |
| Cloakware | Document Production Accompanying Invalidity Contentions pursuant to Patent L.R. 3-4 | November 3, 2008 | Same |
| All | Exchange of Proposed Terms for Construction pursuant to Patent L.R. 4-1(a) | November 18, 2008 | Same |
| All | Exchange of Preliminary Claim Constructions pursuant to Patent L.R. 4-2(a) | December 8, 2008 | Same |

| PARTY | DEADLINE DESCRIPTION | DATE—PLAINTIFF'S PROPOSAL | DATE—DEFENDANT'S PROPOSAL |
|---|---|---|---|
| All | Exchange of Extrinsic Evidence and Witness Summaries pursuant to Patent L.R. 4-2(b) | December 8, 2008 | Same |
| All | Joint Claim Construction and Pre-hearing Statement pursuant to Patent L.R. 4-3 | January 12, 2009 | Same |
| All | Deadline to Complete Claim Construction Discovery pursuant to Patent L.R. 4-4 | February 12, 2009 | Same |
| Cloakworks | Opening Claim Construction Brief pursuant to Patent L.R. 4-5 (a) | February 27, 2009 | Same |
| Cloakware | Responsive Claim Construction Brief pursuant to Patent L.R. 4-5(b) | March 13, 2009 | Same |
| Cloakworks | Reply Claim Construction Brief pursuant to Patent L.R. 4-5(c) | March 20, 2009 | Same |
| Cloakware | Surreply Claim Construction Brief | None needed | March 27, 2009 |
| All | Tutorial pursuant to Standing Order | April 1, 2009 | |
| All | Claim Construction Hearing (Subject to the Court's Convenience) | April 6, 2009 | April 15, 2006 |
| All | Status Conference with the Court re scheduling further proceedings | At Court's earliest convenience after the Markman Order | Same |
| | Non-expert Discovery Cutoff | August 14, 2009 | December 1, 2009 |
| All | Service of opening expert reports (issues on which party bears burden of proof) | September 4, 2009 | December 7, 2009 |
| All | Service of rebuttal expert reports | September 25, 2009 | January 18, 2010 |
| All | Expert Discovery Cutoff | October 23, 2009 | March 19, 2010 |
| All | Dispositive Motions (filing) | November 6, 2009 | April 21, 2010 |
| All | Pretrial Conference | February 26, 2010 | July 26, 2010 |
| All | Trial (Jury Selection) | March 15, 2010 | August 2, 2010 |

Plaintiff and Defendants specifically reserve their right to request that the schedule be amended due to changes occurring in the course of the case, such as amendments to the pleadings, additions of parties, professional or case conflicts, or other good cause, in accordance with Fed. R. Civ. P. 16(b).

Dated:  August 28, 2008

Respectfully submitted,

| | |
|---|---|
| /s/ Spencer Hosie | /s/ Elizabeth I. Rogers |
| SPENCER HOSIE (CA Bar No. 101777) | Mark D. Selwyn (CA Bar No. 224180) |
| shosie@hosielaw.com | mark.selwyn@wilmerhale.com |
| BRUCE WECKER (CA Bar No. 078530) | Elizabeth I. Rogers (CA Bar No. 226234) |
| bwecker@hosielaw.com | elizabeth.rogers@wilmerhale.com |
| GEORGE F. BISHOP (CA Bar No. 89205) | WILMER CUTLER PICKERING |
| gbishop@hosielaw.com | HALE AND DORR LLP |
| HOSIE RICE LLP | 1117 California Ave. |
| One Market, 22nd Floor | Palo Alto, CA 94304 |
| San Francisco, CA 94105 | Tel. (650) 858-6000 |
| (415) 247-6000 Tel. | Fax. (650) 858-6100 |
| (415) 247-6001 Fax | |
| | |
| ROBERT J. YORIO (CA Bar No. 93178) | *Attorneys for Defendant* |
| yorio@carrferrell.com | *CLOAKWARE INC.* |
| CARR & FERRELL LLP | |
| 2200 Geng Road | |
| Palo Alto, CA  94303 | |
| (650) 812-3400 Tel. | |
| (650) 812-3444 Fax | |
| | |
| *Attorneys for Plaintiff* | |
| *CLOAKWORKS, INC.* | |

I hereby attest that concurrence in the filing of this document has been obtained for all signatures indicated by a "conformed" signature (/s/) within this e-filed document.

Date:  August 28, 2008           */s/ Spencer Hosie*
                                  Spencer Hosie
                                  *Attorneys for Plaintiff, CLOAKWORKS, INC.*

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this order.

Dated: _____          _____
                                      THE HONORABLE PHYLLIS J. HAMILTON
                                      UNITED STATES DISTRICT JUDGE