MARK D. SELWYN (State Bar No. 244180)
ELIZABETH ROGERS BRANNEN (State Bar No. 226234)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1117 California Avenue
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
Email: mark.selwyn@wilmerhale.com
Email: elizabeth.brannen@wilmerhale.com

Attorneys for Defendant Cloakware Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CLOAKWORKS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CLOAKWARE, INC., ) <br> ) <br> Defendant. ) <br> ) | CASE NO. 08-CV-02044-WHA <br><br> **DEFENDANT CLOAKWARE INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** |

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure and the Local Rules of this Court, the defendant Cloakware Inc. ("Cloakware") answers the allegations of the plaintiff Cloakworks, Inc.'s ("Cloakworks") First Amended Complaint ("Complaint") and asserts counterclaims as follows:

**PARTIES**

1. Cloakware is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies them.

2. Cloakware admits the allegations contained in paragraph 2 of the Complaint.

3. Cloakware is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

4. Cloakware admits that the Complaint purports to assert a cause of action for patent infringement under the Patent Act, 35 U.S.C. § 271, and that generally the Court has subject matter jurisdiction over a cause of action for patent infringement under 28 U.S.C. § 1338(a). Cloakware is not challenging that venue is proper in this District. Cloakware denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Cloakware is not challenging that the Court has personal jurisdiction over Cloakware. Cloakware denies the remaining allegations contained in paragraph 5 of the Complaint.

6. No answer is required to Paragraph 6 insofar as it is directed to Microsoft. To the extent an answer is required, Cloakware is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies them.

## INTRADISTRICT ASSIGNMENT

7. Paragraph 7 states a legal conclusion for which no answer is required.

## BACKGROUND

8. Cloakware admits that U.S. Patent No. 6,192,475 ("'475 Patent") shows February 20, 2001 as its date of issue and lists David R. Wallace as the inventor. Cloakware further admits that what purports to be a copy of the '475 Patent is attached to the Complaint as Exhibit A. Cloakware denies the remaining allegations contained in paragraph 8 of the Complaint, including that the plaintiff is the "legal and rightful owner of the '475 Patent."

9. Cloakware is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies them.

10. Cloakware admits that the '475 Patent contains 22 claims, and that one form of tampering is when a hacker makes unauthorized changes to software. Cloakware denies the remaining allegations contained in paragraph 10.

11. Cloakware admits that the '475 Patent shows February 20, 2001 as the date of issue, and that it became aware of the existence of the '475 Patent no later than 2004. Cloakware denies the remaining allegations contained in paragraph 11.

12. With respect to the first sentence of paragraph 12 of the Complaint, Cloakware admits that it makes and sells products intended to prevent software reverse engineering and tampering, and has described itself as the world's leading provider of products and services to protect digital assets. Cloakware denies the first sentence of paragraph 12 to the extent that it implies that Cloakware's products provide security for any and all types of "digital content." Cloakware denies the allegations contained in the second sentence of paragraph 12 of the Complaint. With respect to the third sentence of paragraph 12 of the Complaint, Cloakware admits that it sells its products to leading providers of personal computers, portable devices, mobile phones, and set-top boxes; Cloakware denies the sentence to the extent that it suggests that Cloakware has sold more than one billion products and denies the remaining allegations in the sentence. Cloakware denies the allegations contained in the fourth sentence of paragraph 12 of the Complaint.

13. Cloakware admits that its products include the Cloakware Security Suite (which includes a Transcoder), Cloakware Robustness Solutions, and Cloakware Server Password Manager. Cloakware denies the remaining allegations contained in the first sentence of paragraph 13 of the Complaint. Cloakware denies the allegations contained in the second and third sentences of paragraph 13 of the Complaint. With respect to the fourth sentence of paragraph 13 of the Complaint, Cloakware is without knowledge or information sufficient to know what meaning Cloakworks ascribes to various terms and phrases (which appear to be taken from the '475 Patent), and therefore denies the allegations. With respect to the fifth sentence of paragraph 13 of the Complaint, Cloakware admits that its products are intended to prevent software reverse engineering and tampering, and denies that all its products perform all the functions listed.

14. No answer is required to Paragraph 14 insofar as it is directed to Microsoft. To the extent an answer is required, Cloakware is without knowledge or information sufficient to form a

belief as to the truth of the allegations in the first sentence of paragraph 14, and denies the allegations in the second sentence of paragraph 14.

15. No answer is required to Paragraph 15 insofar as it is directed to Microsoft. To the extent an answer is required, Cloakware admits the allegations in paragraph 15.

16. No answer is required to Paragraph 16 insofar as it is directed to Microsoft. To the extent that an answer is required, Cloakware denies the allegations in paragraph 16.

## COUNT 1

17. Cloakware repeats and restates its responses to the allegations contained in paragraphs 1 through 16 of the Complaint in their entirety.

18. Cloakware denies the allegations contained in paragraph 18 of the Complaint.

19. Cloakware denies the allegations contained in paragraph 19 of the Complaint.

20. Cloakware denies the allegations contained in paragraph 20 of the Complaint.

21. Cloakware denies the allegations contained in paragraph 21 of the Complaint.

22. Cloakware denies the allegations contained in paragraph 22 of the Complaint.

23. Cloakware denies the allegations contained in paragraph 23 of the Complaint.

24. Cloakware denies the allegations contained in paragraph 24 of the Complaint.

## PRAYER

Cloakware denies that Cloakworks is entitled to any of its requested relief.

## DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

Cloakware does not directly infringe and has not directly infringed, either literally or under the doctrine of equivalents, and does not indirectly infringe and has not indirectly infringed, by contributing to infringement or inducing infringement of, any valid and enforceable claim of the '475 Patent.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

One or more claims of the '475 Patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 116.

## THIRD AFFIRMATIVE DEFENSE

### (Statutory Limitations on Damages and Recovery of Costs)

Upon information and belief, Cloakworks' claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and/or 287, and Cloakworks is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## FOURTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

Cloakworks is estopped from construing any claim of the '475 Patent to be infringed or have been infringed, either literally or under the doctrine of equivalents, by any method or product manufactured, used, imported, sold, or offered for sale by Cloakware in view of the prior art and because of admissions and statements made to the United States Patent and Trademark Office during prosecution of the application leading to the '475 Patent, because of disclosure or language in the specification of the '475 Patent, and/or because of limitations in the claims of the '475 Patent.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches, Waiver, Estoppel)

Cloakworks' claims are barred by laches, waiver, and/or estoppel because, on information and belief, Cloakworks knew of the basis for the allegations it now asserts for many years but unreasonably delayed in bringing suit.

## SIXTH AFFIRMATIVE DEFENSE

### (Adequate Remedy Other Than Injunctive Relief)

Cloakworks is not entitled to injunctive relief because any alleged injury to Cloakworks is not immediate or irreparable, and Cloakworks has an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing and Subject Matter Jurisdiction)

Cloakworks lacks standing to bring this action because it is not the proper legal owner of the '475 Patent. Accordingly, this Court lacks subject matter jurisdiction over the subject matter of the Complaint.

## COUNTERCLAIMS

Cloakware Inc. ("Cloakware") brings these Counterclaims against Cloakworks, Inc. ("Cloakworks"):

## PARTIES

1. Counterclaim-plaintiff Cloakware Inc. is a company organized and existing under the laws of Delaware with its principal place of business in Vienna, Virginia.

2. According to the allegations of paragraph 1 of the Complaint, Cloakworks is a company organized and existing under the laws of the State of Delaware with its principal place of business in San Francisco, California.

## JURISDICTION AND VENUE

3. This is an action for declaratory relief. This Court has subject matter jurisdiction of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4. Cloakworks is subject to personal jurisdiction in this Court.

5. Venue for these counterclaims is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTS

6. According to the allegations of paragraphs 1 and 7 of the Complaint, Cloakworks claims to be the sole owner of the entire right, title, and interest in the '475 Patent.

7. Cloakworks has accused Cloakware of directly and/or indirectly making, using, offering for sale, and/or selling products covered by one or more claims of the '475 Patent. Cloakworks has also accused Cloakware of willful infringement of the '475 Patent. Cloakware denies that any of its products infringes the '475 Patent and further believes that the '475 Patent is invalid and/or unenforceable.

8. An actual case and controversy exists between the parties concerning the infringement, validity, and enforceability of the '475 Patent, and that controversy is ripe for adjudication by this Court.

### FIRST COUNTERCLAIM
### (Declaration of Non-Infringement of the '475 Patent)

9. Cloakware repeats and realleges the allegations contained in paragraphs 1 through 8 of the Counterclaims as if fully set forth herein.

10. Cloakware is not infringing and has not infringed, directly or indirectly, any valid, enforceable claim of the '475 Patent.

11. To resolve the legal and factual questions raised by Cloakworks and to afford relief from the uncertainty and controversy that Cloakworks' accusations have precipitated, Cloakware is entitled to a declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid, enforceable claim of the '475 Patent either literally or under the doctrine of equivalents.

### SECOND COUNTERCLAIM
### (Declaration of Invalidity of the '475 Patent)

12. Cloakware repeats and realleges the allegations contained in paragraphs 1 through 11 of the Counterclaims as if fully set forth herein.

13. One or more claims of the '475 Patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

14. To resolve the legal and factual questions raised by Cloakworks and to afford relief from the uncertainty and controversy that Cloakworks' accusations have precipitated, Cloakware is entitled to a declaratory judgment that the claims of the '475 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Cloakware requests that this Court enter a judgment in its favor and against Cloakworks as follows:

A. Dismiss the Complaint in its entirety, with prejudice;

B. Enter judgment in favor of Cloakware and against Cloakworks;

C. Declare that the '475 Patent has not been infringed by Cloakware;

D. Declare that the '475 Patent is invalid and unenforceable;

E. Award Cloakware its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

F. Grant such further relief to Cloakware as is just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Cloakware demands a trial by jury on all issues so triable.

Dated:  November 13, 2008      WILMER CUTLER PICKERING
                                HALE AND DORR LLP


                               By: _____/s/ Mark D. Selwyn_____
                                       Mark D. Selwyn
                                       WILMER CUTLER PICKERING
                                        HALE AND DORR LLP
                                       1117 California Avenue
                                       Palo Alto, California  94304
                                       Telephone: (650) 858-6000

                                       Attorney for Defendant Cloakware Inc.